NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALISAL WATER CORPORATION, et al.,<br><br>　　　　　　Defendants. | Case Number C 97-20099 JF (HRL)<br><br>ORDER[1] GRANTING RECEIVER'S REQUEST FOR PAYMENT OF EXPENSES FOR (1) THE PERIOD FROM JANUARY 1, 2006 THROUGH FEBRUARY 28, 2006 AND (2) THE PERIOD FROM MARCH 1, 2006 THROUGH APRIL 30, 2006; AND ORDERING RECEIVER TO PROVIDE ITEMIZATION OF EXPENSES |

　　　　On March 29, 2006, the Receiver filed a status report for the period from January 1, 2006 through February 28, 2006.  The Receiver's request for payment of expenses incurred during that period subsequently was extensively briefed by the Receiver and Defendants, and was submitted to the Court for determination without oral argument pursuant to this Court's order of May 8, 2006.

　　　　On May 11, 2006, the Receiver filed a status report for the period from March 1, 2006

---

　　　[1] This disposition is not designated for publication and may not be cited.

Case No. C 97-20099 JF (HRL)
ORDER GRANTING RECEIVER'S REQUEST FOR PAYMENT OF EXPENSES ETC.
(JFLC2)

1  through April 30, 2006.  The Receiver filed a supplement to this status report on May 17, 2006.
2  On May 26, 2006, Defendants filed objections to the status report and to payment of any
3  expenses for the period from March 1, 2006 through April 30, 2006.  Although the Receiver has
4  not yet filed a formal application for payment of expenses for this period, Defendants assert that
5  their objections to payment of these expenses are the same as Defendants' objections to payment
6  of the expenses incurred during the period from January 1, 2006 through February 28, 2006.
7  Defendants request that their objections to payment of expenses for the two periods be
8  considered simultaneously.  Accordingly, on this particular occasion, the Court will deem the
9  Receiver's report to include a request for payment of the expenses detailed therein, and will
10 address both requests in the instant order.

11         Defendants raise a number of global objections to the expenses sought, for example, that
12 the receivership expired on March 30, 2006; that the Commission improperly has deferred to this
13 Court on certain issues when the Court has not decided such issues and has no authority to do so;
14 that Alisal has fulfilled all of its obligations in this matter and cannot be compelled to pay for
15 capital improvements for other systems that it no longer owns; and that the Receiver is seeking
16 compensation for services that are outside the scope of the receivership, such as advocating on
17 behalf of PSMCSD in Commission proceedings and filing a contempt motion.  However,
18 Defendants do not identify any particular expenses that they contend are improper for the two
19 periods in question.  The Court has reviewed the status reports for the two periods in question
20 and concludes that all of the expenses at least facially appear to be appropriate and within the
21 scope of the receivership.  Accordingly, the Court will grant the Receiver's requests for payment
22 of these expenses.

23         A number of Defendants' global objections are without merit.  For example, Defendants
24 contend that the receivership expired on March 30, 2006 despite the fact that this Court signed an
25 order extending the receivership for one year on March 20, 2006.  In reviewing the file, the Court
26 has discovered that the order extending the receivership was not docketed separately, and appears
27 in the file attached to the notice of imminent expiration of receivership.  This error may have led
28 to Defendants' confusion regarding the extension of the receivership.  The Court has directed the

Clerk to separately docket the order extending the receivership as of the date it was signed, March 20, 2006.

Defendants also contend that Alisal has fulfilled all of its obligations in this matter and seem to imply that Alisal cannot be compelled to pay any further receivership fees. However, this Court's order of April 9, 2002 provides in relevant part that: "Defendants shall be responsible for compensation of the Receiver and of any and all persons employed by the Receiver in carrying out the provisions of this Order. The amount of compensation shall be fixed by the Court upon written application by the Receiver with notice to the parties." Alisal, as one of the defendants in this action, is responsible for payment of the receivership expenses.

Defendants additionally contend that the attorneys' fees incurred by the Receiver are excessive and unnecessary. This contention is extremely troubling given the fact that it is quite obvious from the record that the Receiver has been forced to incur significant attorneys' fees as a result of Defendants' obstructive conduct throughout the entire period of the receivership. Defendants have refused to cooperate with the Receiver at virtually every turn, and are primarily responsible for the fact that the process of selling the smaller water systems has dragged out for years.

Defendants do raise some objections that have at least potential merit, for example, their objection to paying for capital improvements or ordinary operating expenses with respect to systems that they no longer operate. Defendants assert that the Receiver's status reports do not sufficiently itemize the expenses at issue, so that Defendants cannot determine precisely how and why particular expenses were incurred. The Court will order the Receiver to provide an itemized accounting of the expenses incurred during the two periods in question, and will make its ruling without prejudice to a future motion by Defendants for refund of particular expenses improperly charged to them.

Case No. C 97-20099 JF (HRL)
ORDER GRANTING RECEIVER'S REQUEST FOR PAYMENT OF EXPENSES ETC.
(JFLC2)

**ORDER**

(1) The Receiver's requests for payment of expenses are GRANTED for the period from January 1, 2006 through February 28, 2006, and for the period from March 1, 2006 through April 30, 2006;

(2) This ruling is without prejudice to an appropriate future motion by Defendants for refund of particular expenses improperly charged to them; and

(3) Within fourteen (14) days after receipt of this order, the Receiver shall provide to Defendants itemizations of the expenses incurred for the period from January 1, 2006 through February 28, 2006, and for the period from March 1, 2006 through April 30, 2006

DATED: 6/8/06

JEREMY FOGEL
United States District Judge

1  Copies of Order served on:

2

3  Counsel for Plaintiff:

4  Lori Jonas
   Matthew Fogelson
5  Noel Wise
   Environmental Enforcement Section
6  Environment and Natural Resources Division
   U.S. Department of Justice
7  P.O. Box 7611
   Washington, D.C. 20044
8
   Charles O'Connor
9  U.S. Attorney's Office
   450 Golden Gate Avenue
10 P.O. Box 36055
   San Francisco, CA 94102
11
   John D. Rothman
12 United States Environmental Protection Agency, Region IX
   75 Hawthorne Street
13 San Francisco, CA 94105

14 Counsel for Defendants:

15 Marc P. Fairman
   Law Offices of Marc P. Fairman
16 Two Embarcadero Center, Suite 1800
   San Francisco, CA 94111
17
   John P. Dwyer
18 Attorney at Law
   1550 California Street, No. 60201
19 San Francisco, CA 94109

20 Counsel for Receiver:

21 Michael A. Isaacs
   Diana L. Donabedian
22 Luce, Forward, Hamilton & Scripps, LLP
   121 Spear Street, Suite 200
23 San Francisco, CA 94105

24 John W. Richardson
   2941 Park Avenue, Suite H
25 Soquel, CA 95073

26

27

28

5

Case No. C 97-20099 JF (HRL)
ORDER GRANTING RECEIVER'S REQUEST FOR PAYMENT OF EXPENSES ETC.
(JFLC2)