NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALISAL WATER CORPORATION, et al.,<br>Defendants. | Case Number C 97-20099 JF (HRL)<br><br>ORDER[1] RE MATTERS ADDRESSED AT HEARING ON JANUARY 26, 2007 |

On January 26, 2007, the Court conducted a hearing to address several issues, addressed below. Counsel for all parties participated telephonically, as did the Receiver and his counsel and counsel for Pajaro Sunny Mesa Community Services District ("PSMCSD").

**A. Receiver's Status Report For The Period May 1, 2006 Through October 31, 2006**

The Receiver's status report for the period May 1, 2006 through October 31, 2006, requests $130,764.74 for services provided by the Receiver, attorneys and engineers. The report is confusing at first glance. At page 16, the report states that the Receiver is requesting approval

[1] This disposition is not designated for publication and may not be cited.

of Receiver's fees and expenses in the amount of $28,849.09, but that he is requesting payment from Defendants for only $18,499.09 of this amount. Similarly, the report indicates that the Receiver is requesting approval of engineering fees and expenses in the amount of $61,813.23, but that he is requesting payment from Defendants for only $56,759.61 of this amount. Finally, the report states that the Receiver is requesting approval of attorneys' fees and expenses in the amount of $55,506.04, and is requesting payment from Defendants of this entire amount. No explanation is provided as to why the fees of the Receiver and the engineer (but not the attorneys' fees) are discounted.

When questioned by the Court at the hearing, the Receiver explained that the discounts in the fees of the Receiver and the engineer reflected that certain of the fees related to San Jerardo had been paid by Monterey County. The Receiver stated that no attorneys' fees were chargeable to Monterey County in the same manner. However, it appears from a review of the attorneys' billing statements, attached to the report at Exhibit D, that at least some of the attorneys' fees in fact were generated in connection with San Jerardo and Monterey County issues. The Court therefore will direct Defendants to pay the requested fees of the Receiver and the engineer, but will direct the Receiver to reexamine the attorneys' fees to determine whether some of those fees properly should be paid from the Monterey County funds. The Receiver and counsel for Defendants shall confer about this issue and, if it remains unresolved, may address the matter at the evidentiary hearing on March 1, 2007 at 9:00 a.m. The purpose of the evidentiary hearing is to resolve certain other outstanding issues in this case, addressed below.

**B. Receiver's Request For Authority To Execute Bill Of Sale To Pajaro/Sunny Mesa Subject To Certain Liabilities**

PSMCSD has agreed to purchase five of the smaller systems for a total of $33,000, which purchase was approved by the Court in April 2003. Those systems are: Moss Landing, NORMCO, Blackie Road, Vierra Canyon and Langley/Pacifico. The Receiver continued to operate the systems from April 2003 through February 5, 2005, at which time PSMCSD took over operations. PSMCSD asserts that during the period April 2003 through February 2005, the systems became run-down due to Alco's poor maintenance and lack of oversight by the Receiver.

**Moss Landing Bridge Pipeline**: In December 2005, the Receiver directed PSMCSD's General Manager, Joe Rosa, to sign a construction contract to replace the pipeline running under the Moss Landing Bridge. That contract was in the amount of $251,233. The CPUC approved sale of the system in May 2006. In July 2006, the Trustee informed PSMCSD that the receivership had no money to pay the bill. In October 2006, the contractor that had replaced the pipeline threatened to sue PSMCSD. PSMCSD borrowed, through use of Certificates of Participation, more than $350,000 secured by the District's general fund to pay the bill and accrued interest. PSMCSD still is seeking repayment of these monies from the sale proceeds of the systems. The Receiver has taken the position that PSMCSD should assume responsibility for this debt and appears to be under the impression that the debt was paid from revenues. PSMCSD asserts that the debt was not paid from revenues and could not have been, because the system has been operating hundreds of thousands of dollars in the red.

**Main Extension Agreements**: the main extension agreements represent an additional obligation in the amount of $273,000. PSMCSD asserts that Defendants should pay this cost, and Defendants assert that PSMCSD should pay it. The Receiver recommends that Alisal/Also be responsible for payments due prior to February 5, 2005, when PSMCSD took over the system, and that PSMCSD be required to pay the payments due after that date. Alisal/Alco agree to this proposal, but PSMCSD does not agree.

PSMCSD points out that if it is required to pay the $350,000 for the bridge pipeline and the $273,000 for the main extension agreements, it will end up paying in excess of $600,000 for the five systems when the purchase price was only $33,000. PSMCSD asserts that increasing its obligations in this manner would be unreasonable and requests that the Court transfer the five systems free and clear of all liabilities. The Receiver asks the Court to transfer the systems conditioned upon PSMCSD paying the costs outlined above, which would be approximately $600,000.

The Court will conduct an evidentiary hearing on March 1, 2007 at 9:00 a.m. to address allocation of the financial responsibility for the bridge pipeline and the main extension agreements. All interested parties may file briefs addressing this issue on or before February 22,

2007.

**C. Receiver's Request For Authority To Execute San Jerardo Predevelopment Agreement With Monterey County**

The Receiver has designated Monterey County as the purchaser of San Jerardo. Monterey county has advanced $500,000 for installation of a temporary water filtration system for San Jerardo. The Receiver requests authority to execute a new agreement that would permit Monterey County to advance an additional $300,000. The funds will be used to acquire new water sources and construct improvements necessary to remedy the water quality and supply issues at San Jerardo.

There is no opposition to the motion, although PSMCSD asked the Court to note that it originally was designated as the buyer of the San Jerardo system and that the Receiver removed PSMCSD as the buyer without any notice to PSMCSD or its customers. PSMCSD asserts that Monterey County has indicated that it may request PSMCSD to take over San Jerardo in the long term.

Without opposition, the Court will grant the Receiver's request for authority to execute the predevelopment agreement.

**D. Extension Of Receivership**

Given the remaining issues in this case, the Court will extend the receivership for a year. At the hearing, counsel for Alco requested that it be released from any obligations arising from the receivership. Based upon the current record, the Court is not persuaded that Alco has discharged all of its obligations flowing from the receivership. Accordingly, the Court will extend the receivership as it currently exists without prejudice to an appropriate future motion from Alco should circumstances warrant such motion.

**E. Parties' Request To Convert Case To E-Filing**

Without objection, this request will be granted.

**F. United States' Motion To Clarify Order Appointing Equitable Receiver**

Although the Court's April 9, 2002 order appointing the equitable receiver stated that Defendants are responsible for compensating the Receiver and persons employed by him to carry

out his duties, Defendants filed Advice Letter 109 requesting PUC approval of a surcharge from all Alco customers, including the Salinas Division, to help defray receivership expenses. Defendants filed a similar advice letter for the Toro system. The United States objects to Defendants' conduct in passing through to the customers the costs of the receivership, particularly with respect to the Salinas customers, who are not benefitting from the receivership. The United States request that the Court clarify its April 9, 2002 order to state that *Defendants* are responsible for paying the costs of the receivership and may not pass the costs through to customers. The United States also requests that the Court consider whether Defendants be required to refund some of the monies they have collected under the advice letters.

Because the United States' motion was filed only three days before the hearing, Defendants and other interested parties have not had an opportunity to file a response. Any response to the United States' motion shall be filed on or before February 20, 2007. Any reply shall be filed on or before February 27, 2007. The matter thereafter will be taken under submission without oral argument unless the parties are notified otherwise by the Court.

**G. Alco's Failure To Provide Cancelled Checks And Bank Statements To Receiver**

The Receiver asserts that Alco has refused to provide cancelled checks and bank statements that have been requested. At the hearing, Alco took the position that its obligations under the receivership are at an end and that at most it should be required to provide a declaration from Tom Adcock stating that Alco is fulfilling all of its legal obligations. Based upon the current record, the Court is not persuaded that Alco has discharged all of its legal obligations in this case. Accordingly, the Court will direct Alco to provide the requested financial records.

**H. Alco's Failure To Reconvey All Deeds To Alisal**

The Receiver asserts that certain deeds to easements and other property interests were conveyed into trusts and must be reconveyed to Alisal so that the sales of the smaller water systems can be completed. Defendants assert that all deeds relating to the smaller water systems have been quitclaimed to the Receiver. The Receiver has expressed reservations as to whether all of the necessary deeds have been quitclaimed, and also has indicated that the deeds should not have been quitclaimed to him but rather reconveyed to Alisal.

The Receiver shall file a motion identifying which deeds should be reconveyed, and in what manner such reconveyance should occur, on or before February 20, 2007. Defendants shall file any response on or before February 27, 2007. The matter thereafter will be taken under submission without oral argument unless the parties are notified otherwise by the Court.

**ORDER**

(1) The Receiver's request for payment of fees and expenses with respect to the period May 1, 2006 through October 31, 2006 is GRANTED IN PART. Defendants shall pay the requested fees and expenses of the Receiver and the engineer. With respect to the requested attorneys' fees, the Court directs the Receiver to reconsider whether some of those fees properly should be paid from the Monterey County funds. The Receiver and counsel for Defendants shall communicate about this issue and, if it remains unresolved, may address the issue at the hearing on March 1, 2007 at 9:00 a.m.

(2) The Court will conduct an evidentiary hearing on March 1, 2007 at 9:00 a.m. to address allocation of the financial responsibility for the bridge pipeline and the main extension agreements. All interested parties may file briefs addressing this issue on or before February 22, 2007.

(3) The Receiver's request for authority to execute the predevelopment agreement with Monterey County with respect to the San Jerardo system is GRANTED.

(4) The Receivership is HEREBY EXTENDED for one year.

(5) The case is HEREBY DESIGNATED AS AN E-FILING CASE. The Clerk of the Court shall adjust the docket to reflect the case's status as an E-Filing case.

(6) Any response to the United States' motion for clarification shall be filed on or before February 20, 2007. Any reply shall be filed on or before February 27, 2007. The matter thereafter will be taken under submission without oral argument unless the parties are notified otherwise by the Court.

(7) The Receiver's request for an order directing Alco to provide cancelled checks and bank statements is GRANTED.

(8) With respect to the Receiver's request for reconveyance of certain deeds, the Receiver shall file a motion identifying which deeds should be reconveyed, and in what manner such reconveyance should occur, on or before February 20, 2007. Defendants shall file any response on or before February 27, 2007. The matter thereafter will be taken under submission without oral argument unless the parties are notified otherwise by the Court.

DATED: 1/29/07

JEREMY FOGEL
United States District Judge

Copies of Order served on:

Counsel for Plaintiff:

Lori Jonas
Matthew Fogelson
Noel Wise
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044

Charles O'Connor
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102

John D. Rothman
United States Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, CA 94105

Counsel for Defendants:

Marc P. Fairman
Law Offices of Marc P. Fairman
Two Embarcadero Center, Suite 1800
San Francisco, CA 94111

John P. Dwyer
Attorney at Law
1550 California Street, No. 60201
San Francisco, CA 94109

Counsel for Receiver:

Michael A. Isaacs
Diana L. Donabedian
Luce, Forward, Hamilton & Scripps, LLP
121 Spear Street, Suite 200
San Francisco, CA 94105

John W. Richardson
2941 Park Avenue, Suite H
Soquel, CA 95073

Counsel for PSMCSD:

Marc Del Piero
Pajaro / Sunny Mesa Community Services District
136 San Juan Road
Royal Oaks, CA 95076