**E-Filed 5/29/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case Number C 97-20099 JF (HRL) |
|---|---|
| Plaintiff, | ORDER[1] DENYING WITHOUT PREJUDICE MOTION TO INTERVENE |
| v. | |
| ALISAL WATER CORPORATION, et al., | [re: doc. no. 711] |
| Defendants. | |

The City of Salinas moves to intervene in this action. The Court has considered the briefing submitted by the parties as well as the oral arguments of counsel presented at the hearing on May 25, 2007. For the reasons discussed below, the motion will be denied without prejudice.

**I. DISCUSSION**

The Court's order of April 9, 2002 appointing the equitable receiver ("Receivership Order") prohibits Defendants from acquiring any new interest, financial or otherwise, in any public water system without express permission of the Court. On March 22, 2006, Alco

---

[1] This disposition is not designated for publication and may not be cited.

submitted Advice Letter No. 107 to the California Public Utilities Commission ("PUC"), requesting that Alco be permitted to expand its service area into lands designated as "Future Growth Areas" of the City of Salinas ("the City"). The proposed expansion would enable Alco to service approximately 7,500 additional customers in an area that covers approximately 2,179 acres.

On April 19, 2006, the City filed a protest with the PUC, requesting that the PUC suspend the effect of Advice Letter No. 107 pending a determination by this Court as to whether Alco is in compliance with this Court's orders. The City also requested that the full Commission review the disposition of Advice Letter No. 107. The PUC denied both requests and on December 19, 2006 issued a Draft Resolution affirming its acceptance of Advice Letter No. 107. On April 12, 2007, the PUC issued Resolution W-4630, affirming its disposition of Advice Letter No. 107, thereby granting Alco's request to expand its water service into the specified Future Growth Areas of the City. The Resolution directs the PUC's staff to propose an Order Instituting Investigation ("OII") concerning Alco's customer relations, customer service, service and water quality. Apparently, the OII is still pending; the Court presumes that Alco cannot expand its service until the OII process and any applicable administrative review are completed.

The City questions whether Alco is meeting its obligations to current customers under the Court's orders in this case, and whether Alco's proposed expansion is consistent with the Receivership Order's prohibition against Defendants' acquisition of new interests. In particular, the City points out that Alco received rate increases to cover the costs of implementing Court-ordered improvements to existing facilities, and expresses concern that Alco may divert these funds to the proposed expansion rather than using them to upgrade existing facilities. Additionally, the City expresses concern in light of this Court's findings regarding Alco's prior wrongdoing as well as continuing complaints from Alco's current customers regarding poor water quality and poor water pressure. The City seeks to intervene in order to protect the interests of its residents in receiving safe drinking water.

Intervention is governed by Federal Rule of Civil Procedure 24. Rule 24(a), governing intervention as of right, provides in relevant part as follows:

> Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). In the Ninth Circuit, there are four requirements for intervention of right under Rule 24(a)(2): (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties in the lawsuit. *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).

The Court is satisfied that the instant motion is timely (factor 1). Defendants assert that the City should have moved to intervene in August 2000, when the Court granted the United States' motion for summary judgment. However, the primary impetus for the City's desire to take an active role in this litigation – the PUC's approval of Alco's planned expansion – occurred only recently. The Court likewise is satisfied that disposition of this action may impede the City's articulated interest in protecting the health and welfare of its residents (factor 3).

More difficult is the question of whether the City's articulated interest in protecting the health and welfare of its residents provides a sufficient basis for intervention as of right (factor 2). Similar assertions of interest have been rejected by other district courts. *See, e.g., United States v. W.R. Grace & Co.-Conn.*, 185 F.R.D. 184 (D.N.J. 1999) (municipality's motion to intervene denied); *Piedmont Heights Civil Club, Inc. v. Moreland*, 83 F.R.D. 153 (N.D. Ga. 1979) (regional commission's motion to intervene denied). Even assuming that the City has a sufficient interest in this case, it appears that at least at present that interest is adequately protected (factor 4). While the City claims that the United States has refused to petition the Court on the City's behalf regarding the expansion issue, the record demonstrates that the United States in fact has requested that the City provide it with all relevant facts so that it may make a determination as to appropriate future steps. Moreover, while it has approved the expansion

conceptually, the PUC also has ordered preparation of an OII, which presumably will take some time and will provide an opportunity for additional administrative review. The Court concludes that under the present circumstances, the City has not demonstrated a right to intervene under Rule 24(a).

Rule 24(b), governing permissive intervention, provides in relevant part as follows:

> Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). In the Ninth Circuit, a court may grant permissive intervention when the applicant shows: (1) independent grounds for jurisdiction, (2) timeliness of the motion and (3) that the applicant's claim or defense, and the main action, have a question of law or fact in common. *Southern Calif. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Id*. (internal quotation marks and citation omitted).

The City does not articulate, and the Court does not perceive, an independent ground for jurisdiction over the City's claims. The instant action is a civil enforcement action brought by the United States. It is unclear what the independent jurisdictional basis would be for intervention in the action by the City.

Accordingly, the Court will deny the City's motion to intervene. The City may renew its motion in the event significant changes occur in the current factual landscape, for example, in the event it becomes clear that the United States has in fact refused to protect the City's interests or the OII process fails properly to address the City's concerns.

## II. ORDER

The City's motion to intervene is DENIED WITHOUT PREJUDICE.

DATED: 5/29/07

_____
JEREMY FOGEL
United States District Judge

1  Copies of Order served on:

2  Andrew A. Bassak      abassak@steefel.com, emaestro@steefel.com; wbrooks@steefel.com

3  Diana Donabedian      ddonabedian@luce.com,

4  Marc Peter Fairman      Mfairman@pacbell.net,

5  Paul Daniel Gullion      pauldgullion@aol.com, ndgullion@aol.com

6  Kevin T. Haroff      kharoff@ssd.com, sdavid@ssd.com

7  Joe Alfred Izen , Jr      joeizen@joeizen.com, joeslowgo@hotmail.com

8  Lori Jonas      lori.jonas@usdoj.gov

9  Jonathan M. Schwartz      jms01@i.frys.com,

10  S. Gary Varga      Vargalaw@mbay.net, Vargalaw@SBCGlobal.net

11  Noel Wise      NxW4@pge.com

12  Charles O'Connor
    U.S. Attorney's Office
13  450 Golden Gate Avenue
    P.O. Box 36055
14  San Francisco, CA 94102

15  John W. Richardson
    2941 Park Avenue, Suite H
16  Soquel, CA 95073

17  John D. Rothman
    United States Environmental Protection Agency
18  Region IX
    75 Hawthorne Street
19  San Francisco, CA 94105

20

21

22

23

24

25

26

27

28

5

Case No. C 97-20099 JF (HRL)
ORDER DENYING WITHOUT PREJUDICE MOTION TO INTERVENE
(JFLC2)