NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALISAL WATER CORPORATION, et al.,<br><br>　　　　　　Defendants. | Case Number C 97-20099 JF (HRL)<br><br>ORDER[1] RESOLVING PENDING ISSUES RE RECEIVERSHIP |

　　Having considered the parties' submissions at and subsequent to a status conference on January 30, 2008, the Court will resolve the pending issues with respect to the Receivership in the above-entitled action as follows:

　　1)　　Pajaro/Sunny Mesa Community Services District ("PSMCSD") seeks final Court approval of the Bill of Sale for five small water systems in North Monterey County, termination of the existing Management Agreements, and release of all claims. Pursuant to this Court's Order dated April 13, 2004, PSMCSD was designated as the purchaser of the assets of the Moss Landing Water System, Inc., North Monterey County Water System, Inc. ("NORMCO"), Blackie Road Mutual Water System #18, Vierra Canyon Water System, and Langley/Valle Pacifico Water

---

[1] This disposition is not designated for publication and may not be cited.

System. On or about January 12, 2005, PSMCSD entered into "Operational and Management Agreements" with the Receiver for the five systems. In June, 2007, at the Court's direction, PSMCSD engaged the Chicago Title Company to complete title research and production of title documents, easement descriptions, and maps and the Bill of Sale to complete the transfer of the five systems. The Court hereby authorizes and confirms the sale of the five systems to PSMCSD and directs the Receiver to execute and deliver the Bill of Sale that has been presented to the Court.

2) PSMCSD shall account for all funds collected pursuant to the surcharge authorized by California Public Utilities Commission (CPUC) Resolution W-4504 and shall remit to the Receiver all sums collected by it pursuant to the surcharge without further claim or set-off.

3) All claims against Defendants Robert T. Adcock and Natholyn Patricia Adcock in their individual capacities will be dismissed.

4) All claims against Defendants Moss Landing, Inc., Normco, Inc., and Toro Water System, Inc. will be dismissed.

5) PSMCSD seeks reimbursement from the Receiver in the amount of $6,000 for the expenses incurred in researching title to the small systems. PSMCSD contends that it was forced to incur these expenses because of delay on the part of the Receiver. In light of the total compensation awarded to the Receiver and considering all of the relevant circumstances, the Court finds that PSMCSD's request is reasonable. Accordingly, the Court will order the reimbursement subtracted from the Receiver's fees but otherwise approve the Receiver's outstanding fees and expenses in their entirety.

6) The County of Monterey ("the County") has requested funds totaling $368,940.78 for expenses it incurred through October, 2007 to install and operate the interim water filtration system at San Jerardo. The Receiver is directed to pay the County the requested amount.

7) Upon payment of the amounts authorized above, the Receiver shall remit any remaining Receivership funds to Alco.

8) The Court declines to assert jurisdiction over the dispute between PSMCSD and the County over the unfinished water tanks at the Carlson Estates/ Grey Eagle Subdivision.

9) The United States requests amendment of Paragraph 3.c. of the Stipulated Settlement approved by the Court on September 6, 2007, which provides as follows:

> Upon entry of this stipulation as an order of the court, Alco, at its own expense, shall forthwith apply to the CPUC for authorization to pay a sur-credit of $212,000 to its Salinas customers without need of further order of this Court. The application of the CPUC will request the sur-credit to commence one year following termination of the receivership in this case and shall be sur-credited over a period of 48 months thereafter.

The Government requests that the paragraph be revised to provide that the sur-credit commence one year for the date of this Order. At the time the Stipulated Settlement was negotiated by the parties and signed by the Court, all parties and the Court expected that the Receivership would conclude by the end of 2007. It is now apparent that some form of the Receivership must remain in place to deal with the San Jerardo system and may continue for another one to two years. The Government argues that customers of the Salinas system should not have to wait another one to two years to begin to receive their sur-credit. This concern is well-taken. Accordingly, the Court will grant the Government's motion to amend the Stipulated Settlement. Specifically, the application to the CPUC concerning the sur-credit shall request that the sur-credit commence one year from the date of this Order rather than one year following the termination of the Receivership.

11) The Receivership shall remain in effect with respect to the San Jerardo water system only. The Court directs the Receiver, either personally or through contractors, to take all actions necessary to maintain and operate the San Jerardo system, including but not limited to billing customers, collecting customer remittances, and paying all bills of the system, including the Receiver's reasonable fees and expenses.

IT IS SO ORDERED.

DATED: March 4, 2008

_____
JEREMY FOGEL
United States District Judge

3

Case No. C 97-20099 JF (HRL)
ORDER RESOLVING PENDING MATTERS RE RECEIVERSHIP
(JFLC3)

Copies of Order served on:

Counsel for Plaintiff:

Lori Jonas
Matthew Fogelson
Noel Wise
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044

Charles O'Connor
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102

John D. Rothman
United States Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, CA 94105

Counsel for Defendants:

Marc P. Fairman
Law Offices of Marc P. Fairman
Two Embarcadero Center, Suite 1800
San Francisco, CA 94111

John P. Dwyer
Attorney at Law
1550 California Street, No. 60201
San Francisco, CA 94109

Counsel for Receiver:

Michael A. Isaacs
Diana L. Donabedian
Luce, Forward, Hamilton & Scripps, LLP
121 Spear Street, Suite 200
San Francisco, CA 94105

John W. Richardson
2941 Park Avenue, Suite H
Soquel, CA 95073