**E-filed 7/24/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>ALISAL WATER CORPORATION, et al.,<br><br>        Defendants. | Case Number C 97-20099 JF (HRL)<br><br>ORDER[1] (1) DENYING DEFENDANTS' MOTION TO STRIKE CERTAIN DOCUMENTS FILED BY THE COUNTY; AND (2) DENYING DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>[re: document nos. 886 and 904] |

Defendants seek reconsideration of the Court's Order of March 27, 2009 as modified by the Court's Order of April 23, 2009. The Court has considered the briefing of Defendants, the Receiver, and the County of Monterey,[2] and has concluded that the matter is appropriate for

---

[1] This disposition is not designated for publication in the official reports.

[2] Defendants' motion to strike the supplemental declarations of County officials Karen Nilson and Shelly Ryburn is denied. These documents provide clarification regarding the Interim Filtration Costs incurred by the County and the status of the County's grant applications. This is precisely the type of information the Court contemplated when it designated the County as *amicus curiae*. The Court is at a loss to understand Defendants' position that consideration of these documents constitutes a violation of Defendants' due process rights, particularly since, as

disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the motion for reconsideration will be denied.

As an initial matter, the Court disagrees with the Receiver's assertion that Defendants' motion is untimely. The motion properly is characterized as a motion for relief pursuant to Federal Rule of Civil Procedure 60(b). Such a motion must be made within a "reasonable time" after the order from which relief is sought; with respect to certain grounds for relief, the motion must be brought within one year after issuance of the challenged order. Fed. R. Civ. P. 60(c). Defendants filed the instant motion less than two months after the Court's Order of March 27, 2009. This is a "reasonable time" after the orders that are the subject of the motion, particularly in light of the fact that Defendants' motion is based in part upon newly-discovered evidence.

Defendants claim that they have discovered new evidence that the San Jerardo Water System ("San Jerardo") was annexed by the Boronda County Sanitation District ("Boronda") as of January 26, 2009; that the Receiver improperly failed to disclose this annexation; and that had the Court been informed of the annexation, the Court would not have permitted the Receiver to retain $100,000 of the remaining sale proceeds or directed the Receiver to apply to the California Public Utilities Commission ("CPUC") for a rate increase but simply would have terminated the receivership.

Defendants have submitted evidence that on January 26, 2009 the Local Formation Commission of Monterey County ("LAFCO") approved annexation of San Jerardo by Boronda. *See* LAFCO Resolution 09-003. However, the County has clarified that LAFCO's approval was conditional, in that Resolution 09-003 requires Boronda's approval of any assessments, service charges, or rates needed for ongoing operation of San Jerardo, including approval through the procedure of a Proposition 218 notice, hearing, and opportunity to protest. *See* Perry Decl. ¶ 16. The Proposition 218 process was still pending as of the date Defendants filed their motion for reconsideration. *Id*. Following completion of that process, CPUC approval still will be required to complete the annexation of San Jerardo by Boronda, and the CPUC approval process often

---

evidenced by their motion to strike, Defendants have had ample notice of the documents' contents and an opportunity to be heard with respect thereto.

Case No. C 97-20099 JF (HRL)
ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE AND FOR RECONSIDERATION
(JFLC2)

takes months. *Id*. at ¶ 17. Accordingly, while the Court is pleased to hear of the proposed annexation, it appears that Defendants have overstated the case in asserting that the annexation already has occurred. The Court presumes that the parties will inform it as soon as the annexation becomes final so that the Court may wind up the receivership.

Defendants also claim that, separate and apart from the annexation issue, the Court simply erred when it granted the Receiver's motion to retain $100,000 of the sale proceeds. First, Defendants assert that the Court erroneously concluded that they are responsible in large part for the deterioration of San Jerardo. In fact, the Court based its conclusion upon the record as a whole, including evidence that the Receiver and Defendants had an oral arrangement under which Defendants continued managing the day-to-day operations of the system until 2008. Although they admit that such an arrangement existed, Defendants contend that their responsibility was limited to meter reading, collecting customer monthly remittances, paying the electricity operating costs, and remitting the balance of collections to the Receiver. Defendants deny that they were responsible for any other aspects of managing or maintaining San Jerardo. They point out that there is no written agreement for operation and maintenance of San Jerardo, though there are such written agreements with respect to Moss Landing and other systems.

While it would have been helpful had the Receiver memorialized the arrangement with Defendants in writing, the absence of such a writing is not dispositive. The Receiver has submitted a significant amount of documentation supporting his position that Defendants continued running San Jerardo until 2008, including copies of emails and bids attached to his declaration filed April 11, 2008. Those documents make clear that it was only in 2008 that the Receiver began seeking an outside company to provide operational services for San Jerardo and attempting to determine whether such services could be paid for from San Jerardo's revenues. In January 2008, the Receiver obtained a bid from MCSI Water Systems Management, which quoted $5,650 per month for all field operations and administration of San Jerardo. Richardson Decl. ¶¶ 7-8 and Exh. D. The Receiver determined that if these services were pared down to those absolutely necessary for the maintenance and operation of San Jerardo, the cost would be $3,000 per month. Richardson Decl. ¶ 11. This figure did not cover estimated water sampling

costs in the amount of $4,550 (for nine months), an annual fee of $5,000 for insurance, remediation costs in the amount of $25,000, and well destruction costs in the amount of $8,000. *Id*. ¶ 18. In March 2008, the Receiver contacted Defendants to obtain information as to the monthly revenues of San Jerardo. Richardson Decl. ¶ 3 and Exhs. A, B. Based upon this information, the Receiver determined that San Jerardo's revenues would not cover San Jerardo's operational costs. Richardson Decl. ¶ 5. On April 3, 2008, counsel for the Receiver sent counsel for Defendants an email laying out the problem and asking whether Alco would "continue with the operation and maintenance" of San Jerardo. Richardson Decl. ¶ 5 and Exh. C. Defendants did not respond. Richardson Decl. ¶ 5. Approximately one week later, the Receiver filed the motion for authority to retain funds to pay expenses associated with San Jerardo.

This sequence of events lends credence to the Receiver's position that Alco continued to run San Jerardo up until 2008, and that only at that time did the Receiver investigate the possibility of hiring an outside operator. The documentation submitted by the Receiver, as well as the record as a whole, is sufficient to support the Court's conclusion that Defendants are largely responsible for the deterioration of San Jerardo.

Defendants argue that the Court also erred in concluding that grant funding is not available for certain expenses. After reviewing the record, including all of the materials submitted by the County, the Court is satisfied that grant funding in fact is not available for monthly operating expenses of San Jerardo, nor for interim filtration costs. These expenses total hundreds of thousands of dollars and more than justify the Receiver's retention of $100,000 as authorized by the Court. Moreover, given the State's freeze on Proposition 50 and 84 bond funding, *see* Nilson Supp. Decl. ¶¶ 5-6, it is unclear when or if grants pursuant to these propositions will be obtained.

Defendants also reiterate their criticisms of the decision to install the interim filtration system. However, the Court addressed these criticisms in detail in its prior order and declines to do so again here.

Finally, Defendants argue that the Court's order permitting the Receiver to retain $100,000 of the remaining sale proceeds constitutes an additional civil penalty and a

4

1 constitutionally-suspect taking.  The Court disagrees.  The Court has authorized the Receiver to
2 retain a portion of the remaining sale proceeds for the purpose of paying necessary past and
3 ongoing expenses of San Jerardo.  The $100,000 in retained funds is by no means adequate to
4 cover all such expenses.  However, in an attempt to do equity, the Court declined to authorize the
5 Receiver to retain all remaining sale proceeds.  Under these circumstances, the record does not
6 support Defendants' position that the Court has imposed an additional civil penalty or
7 unconstitutional taking.

**ORDER**

(1) Defendants' motion to strike certain documents filed by the County is DENIED; and

(2) Defendants' motion for reconsideration is DENIED.

DATED:  7/24/2009

_____
JEREMY FOGEL
United States District Judge

5
Case No. C 97-20099 JF (HRL)
ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE AND FOR RECONSIDERATION
(JFLC2)

1  This Order was served on the following persons:

3  David Patrick Nemecek , Jr    dnemecek@manatt.com, mchavez@manatt.com

4  Diana Donabedian    ddonabedian@luce.com

5  Joe Alfred Izen , Jr    joeizen@joeizen.com, joeslowgo@hotmail.com

6  Jonathan Mark Schwartz    jms01@i.frys.com

7  Kevin T. Haroff    kharoff@ssd.com, sdavid@ssd.com

8  Lenard Garsen Weiss    lweiss@steefel.com, ycano@steefel.com

9  Lori Jonas    lori.jonas@usdoj.gov

10 Marc Peter Fairman    Mfairman@pacbell.net

11 Mary Grace Perry    perrymg@co.monterey.ca.us, andradar@co.monterey.ca.us, coatsir@co.monterey.ca.us

13 Paul Daniel Gullion    pauldgullion@aol.com, ndgullion@aol.com

14 Stephen Gary Varga    Vargalaw@mbay.net, Vargalaw@SBCGlobal.net

15 Steven O'Rourke    Steve.ORourke@usdoj.gov

16 Vanessa W. Vallarta    vanessav@ci.salinas.ca.us, julian@ci.salinas.ca.us

6

Case No. C 97-20099 JF (HRL)
ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE AND FOR RECONSIDERATION
(JFLC2)