**E-Filed 11/17/2010**

Michael A. Isaacs, CSBN 99782
Diana L. Donabedian, CSBN 191384
LUCE, FORWARD, HAMILTON & SCRIPPS, LLP
121 Spear Street, Suite 200
San Francisco, CA 94105
Telephone: 415.356.4600
Fax: 415.356.3895
E-mail: misaacs@luce.com
E-mail: ddonabedian@luce.com

Attorneys for JOHN W. RICHARDSON, Receiver

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>ALISAL WATER CORPORATION, et al.,<br><br>             Defendants. | Case No. C97-20099 JF(EAI)<br><br>**ORDER AUTHORIZING RECEIVER TO EXECUTE PURCHASE AND SALE AGREEMENT**<br><br>**[No Hearing Requested]** |

Based upon the *Ex Parte* Application For Entry of Order Authorizing Receiver to Execute Purchase and Sale Agreement filed by John W. Richardson, Receiver appointed in the above-referenced case ("Receiver") and good cause appearing, and good cause appearing therefor, it is

ORDERED as follows:

1.     The Receiver's *Ex Parte* Application is approved.

2.     The Receivership is authorizing to execute the Purchase and Sale Agreement between County of Monterey, Boronda County Sanitation District and San Jerardo Water System, a copy of which is attached as **Exhibit A.**

DATED: 11/17/2010                               _____
                                                                   UNITED STATES DISTRICT COURT JUDGE

301197361.1

# PURCHASE AND SALE AGREEMENT
## between
## COUNTY OF Monterey County
## and
## SAN JERARDO WATER SYSTEM

THIS PURCHASE AND SALE AGREEMENT ("Agreement"), is made and entered into as of October~~August~~ ____, 2010, by and between the County of Monterey, Boronda County Sanitation District (hereinafter, "County"), and the SAN JERARDO WATER SYSTEM, by and through John W. Richardson, in his capacity of federally appointed Receiver for San Jerardo Water System (hereinafter, "Receiver") and not in his personal capacity, with reference to the following facts:

     A.    County is a political subdivision of the State of California. Among County's important and fundamental goals are to protect and provide for the health and safety of its residents, and to preserve and improve the supply of housing affordable to residents of low and moderate income.

     B.    Receiver controls a domestic water enterprise currently furnishing service to customers in the San Jerardo Housing Cooperative, Inc. Community (hereafter, "San Jerardo Community") and is under a Receivership ordered by the United States District Court in the matter entitled, <u>United States of America v. Alisal Water Corporation, Case No. C97-20099 (JF)</u> (the "Action"). Pursuant to an April 9, 2002 Order, *inter alia*, John W. Richardson was appointed as the Receiver for the San Jerardo Water System (hereafter, "System"). Said Order is attached hereto as **Exhibit "A"** and incorporated by this reference. Receiver is charged with managing the affairs of the System, as noted in the Action, until discharged by the United States District Court ("District Court"). All actions herein shall be taken by Receiver.

     C.    Among other things, Receiver has been ordered to facilitate the improvement and sale of the System, located in the County of Monterey. The System serves a farmworker Community located at the former military base known as Camp McCalum, approximately 5.3 miles southeast of the City of Salinas. The San Jerardo Community is predominately characterized by households of low income.

     D.    The existing source of water for the System has shown a steady increase in nitrates, and is in violation of State water quality standards. Testing has also shown the presence of 1,2,3 trichloropropane in amounts that exceed the notification level set by the California Department of Public Health. The System also fails to comply with County water standards requiring at least two (2) reliable sources of drinkable water supply. Prior to County's installation of an Interim Filtration System pursuant to the Court approved Interim Filtration Agreement and Amendments 1 and 2, the System was required to provide bottled water to all residents of the San Jerardo Community for drinking purposes.

**EXHIBIT A**

E. County desires to facilitate the remedying of water quality and water supply issues relating to the System, in order to alleviate conditions, which risk the health and safety of residents of the San Jerardo Community.

F. On **January 26, 2007** the County and Receiver entered into a Predevelopment Agreement, approved by the Court on or about **January 29, 2007** to set forth the terms of the Purchase and Sale Agreement and to provide for financing of the System Improvements to allow the development and completion of a safe and suitable water system for the San Jerardo Community. Said Predevelopment Agreement and related amendments and attachments are attached and incorporated by this referenced as **Exhibit "B~~D~~."**

G. In furtherance of the terms of the Predevelopment Agreement, and subject to the approval of grant funding, the County prepared an Request For Proposals (RFP) for the construction of improvements to the San Jerardo Water System. Said RFP was approved by the Board on or about **October 6, 2009.** Said RFP included the Project Description. Said **Project Description and Location Map** are attached and incorporated by this reference as **Exhibit "C~~B~~."**

H. Pursuant to the terms of the Court approved Predevelopment Agreement, and subject to the receipt of State Grant Funds, County and Receiver agreed to execute a formal Purchase and Sale Agreement containing substantially the terms set forth below, and to initiate the process for transfer with the California Public Utilities Commission.

I. On **July 9, 2009**, the Board of Supervisors approved Ordinance No. 5134, An Ordinance of the County of Monterey, State of California, Relating to Water Facilities of the Boronda County Sanitation District which became effective on \*\*\*\*\*\*\*. Ordinance No. 5134 is attached hereto and incorporated by thie reference as Exhibit "D."

J~~I~~. On **September 24, 2009** the California Public Utilities Commission approved the transfer of the System to the County pursuant to Resolution No. W-4786. Said Resolution is attached hereto and incorporated by this reference as **Exhibit "E~~DC~~."**

K~~J~~. On **October 29, 2009**, the United States District Court for the Northern District of California approved the transfer of the System to the County pursuant to the Order (1) extending Receivership for Limited Purpose; and (2) Addressing Matters Heard on October 2 2009. Said Order (1) extending Receivership for Limited Purpose; and (2) Addressing Matters Heard on October 2 2009 is attached and incorporated by this reference as **Exhibit "F~~E~~."**

NOW, THEREFORE, the Parties agree as follows:

ARTICLE 1    DEFINITIONS AND EXHIBITS

**EXHIBIT A**

2

Section 1.1    Definitions

The following capitalized terms have the meaning set forth in this Section 1.1 wherever used in this Agreement, unless otherwise provided:

(a)    "Agreement" shall mean this Purchase and Sale Agreement.

(b)    "ARRA" shall mean American Recovery and Reinvestment Act.

(c)    "CDBG Funds" shall mean funds available under Community Development Block Grant Program.

(d)    "County" shall mean the County of Monterey, a political subdivision of the State of California and/or the Boronda County Sanitation District (BCSD), a dependent Special District, staffed by the Department of Public Works (DPW) and governed by the Board of Supervisors of the County of Monterey.

(e)    "Default" shall have the meaning set forth in Section 6.1 below.

(f)    "Predevelopment Funding" shall mean the provision of County funds pursuant to the Court approved Predevelopment Agreement in the amount of Three Hundred Thousand dollars ($300,000).

(g)    "Project" shall mean the course of action as described in the attached Project Description, incorporated by this reference as Exhibit "B".

(h)    "Purchase and Sale Agreement" shall mean this Agreement for the County's acquisition of the System.

(i)    "Receiver" shall mean John W. Richardson, in his capacity as Court-ordered receiver of the Water System, domestic water enterprises operating under an order or receivership in United States District Court Case No. 97-20099; <u>United State of America v. Alisal Water Corporation, et. al.</u> and not in his personal capacity.

~~(j)    "State Grant Funds" shall mean all grant or other moneys which may be~~
(j)    "State Grant Funds" shall mean all grant or other moneys from governmental agencies which may be used for the improvement of the System's supply and quality, including, but not limited to, the California Department of Public Health's Safe Drinking Water State Revolving Fund ("SRF"), but not including CDBG Funds or ARRA Stimulus Funds.

(k)    "System" shall mean the San Jerardo Water System.

(l)    "Transfer" shall have the meaning set forth in Section 4.4 below.

Section 1.2    Exhibits

**EXHIBIT A**

3

The following exhibits are attached to this Agreement and incorporated into this Agreement by this reference:

EXHIBIT A:   Order Appointing Equitable Receiver in Case No. C97-20099 JF (EAI), dated April 9, 2002.

EXHIBIT B:   PREDEVELOPMENT AGREEMENT AND EXHIBITS

EXHIBIT C~~B~~:   PROJECT DESCRIPTION AND LOCATION MAP.

EXHIBIT D:   ORDINANCE NO. 5134: AN ORDINANCE OF THE COUNTY OF MONTEREY, STATE OF CALIFORNIA, RELATING TO WATER FACILITIES TO THE BORONDA COUNTY SANITATION DISTRICT

EXHIBIT E~~DC~~:   CALIFORNIA PUBLIC UTILITIES COMMISSION RESOLUTION NO. W-4786.

~~EXHIBIT D:   PREDEVELOPMENT AGREEMENT AND RELATED AMENDMENTS AND ATTACHMENTS~~

EXHIBIT F~~E~~:   ORDER (1) EXTENDING RECEIVERSHIP FOR LIMITED PURPOSE; AND (2) ADDRESSING MATTERS HEARD ON OCTOBER 2, 2009

~~EXHIBIT F:   ORDINANCE NO. 5134: AN ORDINANCE OF THE COUNTY OF MONTEREY, STATE OF CALIFORNIA, RELATING TO WATER FACILITIES TO THE BORONDA COUNTY SANITATION DISTRICT~~

ARTICLE 2   COUNTY TO ACT AS LEAD AGENT FOR RECEIVER IN OBTAINING GRANT MONEYS AND PROJECT IMPLEMENTATION

Section 2.1   County to Act as Lead Agent for Receiver in Actions to Obtain State Grant Moneys; Assignment of Grant Application by Receiver To County

The parties understand and agree that in order to facilitate the award and implementation of State Grant Funds, as well as the ultimate transition of the System from the Federal Receivership to the care and operation of the County, Receiver shall consult with, and utilize the services of County in the actions remaining to comply with any and all State or Federal grant funding requirements.  Receiver hereby assigns all rights, title and interests in the State and Federal Grant Funds for the System to County.

**EXHIBIT A**

Section 2.2    County to Act as Lead Agent for Implementation of State Grants

The parties understand and agree that pursuant to the terms of the Predevelopment Agreement, County has acted as the Receiver's agent in all respects to the pursuit and implementation of the State Grants, CDBG awards, and any other funding, as well as the construction of improvements. Such work has included, but has not been limited to, the bidding of contracts and hiring of contractors, overseeing the work, and taking such action as necessary to construct the improvements as contemplated by State and Federal Grant funding sources, the Predevelopment Agreement and this Agreement.

ARTICLE 3    TERMS FOR PURCHASE AGREEMENT OF SYSTEM BY COUNTY

Section 3.1    Agreement for Purchase of the System by County

The parties acknowledge that the State's willingness to provide funds to construct improvements to the System is based upon the County's agreement to acquire, own and operate the System upon completion of said improvements. Pursuant to the terms of the Court approved Predevelopment Agreement, and subject to the receipt of State Grant Funds, County and Receiver agreed to execute a formal Purchase and Sale Agreement containing substantially the terms set forth below, and to initiate the process for transfer with the Public Utilities Commission.

Section 3.2    Basic Terms of Purchase and Sale Agreement for the San Jerardo Water System

County and Receiver agree that the basic terms of the agreement for the purchase of the San Jerardo Water System are:

(a) Substantial completion of the improvements described in the State and Federal Grant agreements and CDBG agreement;
(b) Completion of any repair or replacement of any defects in the System identified as part of the application process for State and Federal Grant Funds and CDBG funds;
(c) Payment of One Dollar ($1.00) by County for title to the System, in light of the actions taken by County pursuant to the Court approved Predevelopment Agreement and this Agreement;
(d) Formal approval by the United States District Court in Case No. C97-20099 (JF); and
(e) Formal approval of the purchase by the California Public Utilities Commission.

The County and Receiver expressly agree herein that, regardless of any additional terms that the parties may mutually agree upon, both parties shall diligently pursue the completion of these basic terms and that, upon their completion, the transfer shall take place. This representation is a material term and condition to the County's participation in this Agreement.

**EXHIBIT A**

5

Section 3.3    Ability of County to Assign Right to Purchase to Third Party

Receiver and County Agree that at any time prior to or after the completion of the improvements contemplated by this Project, County may assign its rights and obligations under this Agreement to another entity that otherwise meets the criteria of the various Grant Agreements that may be awarded.  Provided, however that the County will not assign its rights and obligations under this Agreement to another non-County entity prior to the time that final disbursements of all State or Federal grant funding programs have been made, and provided further that the County will consult with the California Department of Public Health and with the California Department of Housing and Community Development, as applicable and as legally required with respect to each funding agency, on proposals to transfer ownership of the System to another public entity ~~and will seek~~ appropriate approval for any proposed ownership transfers to a or private entity for the purposes of ensuring that grant funding requirements are met.

ARTICLE 4    REQUIREMENTS DURING THE TERM OF THE AGREEMENT

Section 4.1    Information

County and Receiver shall provide any information reasonably required by each other in connection with the pursuit of the State and Federal Grant Funds and the completion of this Purchase and Sale Agreement.

Section 4.2    Fees and Taxes

County shall be responsible for payment of any fees, assessments, taxes, charges, and levies imposed by any public authority or utility company, and not waived, with respect to the actions necessary to obtain State and Federal Grant Funds, and shall pay such charges prior to delinquency.  However, County shall not be required to pay and discharge any such charge so long as the legality thereof is being contested diligently and in good faith and by appropriate proceedings.

Section 4.3    Notice of Litigation

Receiver shall promptly notify County in writing of any litigation affecting the Receiver, or the System and of any claims or disputes that involve a material risk of litigation with respect to the System.

Section 4.4    Transfers

(a)    For purposes of this Agreement, ("Transfer") shall mean any sale, assignment, or transfer, whether voluntary or involuntary, of (i) any rights and/or duties under this Agreement, and/or (ii) any interest in the System, including (but not limited to) a fee simple interest, a joint tenancy interest, a life estate, a partnership interest, a leasehold interest, a security interest, or any other interest.

**EXHIBIT A**

6

(b) Except for a Court-approved and State Public Utilities Commission-approved transfer to the County or other public entity, no Transfer shall be permitted prior to the completion of the improvements contemplated in Exhibit B without the prior written consent of the County, which the County may withhold in its reasonable discretion in order to ensure that the intent of this Agreement is fulfilled. The County has the immediate and unilateral right to cease all actions and/or provide any funds pursuant to this Agreement in the event of any unauthorized Transfer.

Section 4.5   Representation and Warranties of Receiver

The parties understand and agree that as a material inducement to the County's entry into the Predevelopment Agreement, Receiver has ~~hereby~~ represented and warranted the following to the County, as of January 26, 2007, the date the Predevelopment Agreement was entered into by and between the parties~~, as set forth above~~. The parties further understand and agree that as a material inducement to the County's entry into this Purchase and Sale Agreement, Receiver hereby represents and warrants the following to the County, as of the date set forth above:

(a) Authority/Enforceability. Based upon the order of the United States District Court, Receiver has the full power and authority to enter into this Agreement, to apply for State Grant Funds for the System, to negotiate and implement the Purchase and Sale Agreement and to take any other steps to carry out the actions contemplated by the Predevelopment Agreement and this Agreement.

(b) Binding Obligations. Based upon the order of the United States District Court, Receiver is authorized to execute, deliver and perform its obligations under the Predevelopment Agreement and this Agreement and such obligations shall be valid and binding obligations of the System.

(c) No Violation. Receiver's execution, delivery, and performance under this Agreement does not (1) require any consent or approval not heretofore obtained under any articles of incorporation, bylaws or other document; (2) violate any governmental requirement applicable to the System or any other statute, law, regulation or ordinance or any order or ruling of any court or governmental entity; or (3) conflict with, or constitute a breach or default or permit the acceleration of obligations under any agreement, contract, lease or other document by which the Receiver is or the System is bound or regulated.

(d) Litigation. Except as disclosed to County in writing, there are no claims, actions, suits, or proceedings pending, or to Receiver's knowledge threatened, against Receiver or affecting the System.

(e) Proceeds and Adequacy. To the best of Receiver's knowledge, the

Predevelopment Funds proceeds are sufficient to take all actions necessary to complete the application process for obtaining the State Grant Funds in accordance with the intent, terms and conditions of the Predevelopment Agreement and this Agreement.

(f)     Accuracy.  All reports, documents, instruments, information and forms of evidence delivered to County concerning the Predevelopment Agreement and this Agreement or required by this Agreement are to the knowledge of the Receiver, accurate, correct and sufficiently complete to give the County true and accurate knowledge of their subject matter, and do not contain any material misrepresentation or omission.

(g)     Tax Liability.  During the receivership period, Receiver has filed all required federal, state, county and municipal tax returns and has paid all taxes and assessments owed and payable, and Receiver has no knowledge of any basis for any additional payment with respect to any such taxes and assessments.

(h)     Compliance.  Receiver is familiar with governmental requirements for seeking State and Federal Grant Funds for the System and will conform to and comply with all governmental requirements and any plans and specifications as may be agreed in such Grant funding agreements.  Receiver will join with County to take prompt and expeditious steps to comply with State and Federal Grant funding requirements for improvements of the System contemplated by the Predevelopment Agreement and this Agreement.

Section 4.6     Connection fees:  Pursuant to Ordinance No. 5134, adopted by the County of Monterey, Board of Supervisors, acting as the Board of Directors of the Boronda County Sanitation District, on July 7, 2009, and effective on August 7, 2009, the 31st day following adoption of said Ordinance, a copy of which is attached as Exhibit "F," the connection fees collected for regular water service by the County of Monterey for the Boronda County Sanitation District San Jerardo Water System, where no main extension is required, during the term of this Agreement shall be applied toward one or more of the following purposes: (1) the payment or retirement of any debt incurred by the County of Monterey and/or the Boronda County Sanitation District on or after the effective date said Ordinance of August 7July 1, 2009, for the improvement of the San Jerardo Water System Improvement Project; water system; (2) directly for needed maintenance or improvements to the San Jerardo Water System water system; (3) to increase the reserves of the County for the Boronda County Sanitation District for later use in improving or maintaining the physical facilities of the San Jerardo Water Systemwater system.

ARTICLE 5   DEFAULT AND TERMINATION

Section 5.1.   Events of Default by Receiver

Each of the following shall constitute a "Default" by Receiver under this Agreement.

**EXHIBIT A**
8

(a) <u>Breach of Covenants</u>.  Failure by Receiver to duly perform, comply with or observe any of the conditions, terms, or covenants of this Agreement, and such failure having continued uncured for thirty (30) days after receipt of written notice thereof by the Receiver from the County or, if the breach cannot be cured within thirty (30) days, the Receiver shall not be in breach so long as Receiver is diligently undertaking to cure such breach and such breach is cured within ninety (90) days; provided, however, that if a different period or notice requirement is specified under any other section of this Article 6, the specific provisions shall control.

(b) <u>Suspension; Termination</u>.  Receiver shall have voluntarily delayed or suspended its efforts to obtain State Grant Funds or other financing, or shall have directed the County to suspend or delay the County's efforts to obtain State Grant Funds or other financing.

(c) <u>Unauthorized Transfer.</u>  Any Transfer other than as permitted by the express written consent of the County, as provided in Section 4.4. (b).

(d) <u>Representation or Warranty Incorrect</u>.  Any Receiver representation of warranty contained in this Agreement, or in any application, financial statement, certificate, or report submitted to the County in connection with this Agreement, proving to have been incorrect in any material respect when made.

Section 5.2    Remedies
The occurrence of any Default, following the expiration of all applicable notice and cure periods will, either at the option of the County or automatically where so specified, relieve the County of any obligation to make or continue disbursements under this Agreement and shall give the County the right to proceed with any and all remedies set forth in this Agreement, including but not limited to the following:

(a) <u>Specific Performance</u>.  The County shall have the right to mandamus or other suit, action or proceeding at law or in equity, before the District Court, to require Receiver to perform its obligations and covenants under this Agreement or to enjoin acts on things which may be unlawful or in violation of the provisions of this Agreement.  IT IS SPECIFICALLY ACKNOWLEDGED BY THE PARTIES HERETO THAT THE CONSTRUCTION OF IMPROVEMENTS TO THE SYSTEM AND THE ACQUISITION OF THE IMPROVED SYSTEM BY COUNTY AFFECT THE HEALTH AND SAFETY OF THE SAN JERARDO COMMUNITY AND ARE MATERIAL TERMS OF THIS AGREEMENT FOR WHICH SPECIFIC PERFORMANCE IS WARRANTED, AND DAMAGES ARE AN INADEQUATE REMEDY.

(b) <u>Right to Cure at Defaulting Party's Expense</u>.  The County shall have the right (but not the obligation) to cure any uncured Default by ~~a defaulting party by~~ taking whatever action, or expending whatever funds, deemed necessary by the County to preserve the intent and purpose of this Agreement.  The defaulting party agrees to

**EXHIBIT A**

9

reimburse the County for any funds advanced by the County to cure a default by said defaulting party upon demand therefore, together with interest thereon at the lesser of the maximum rate permitted by law or ten percent (10%) per annum from the date of expenditure until the date of reimbursement.

Section 5.3    Termination of Agreement

This Agreement may be terminated for the following reasons:

(a)    In the event of condemnation, seizure or appropriation of all or the substantial part of the System, either Receiver or the County may at any time thereafter terminate this Agreement (except for the indemnification obligations under Section 6.4), by notice to the other party.  Not later than thirty (30) days after the later of (i) such a termination, or (ii) Receiver's receipt of any compensation to which it may be entitled in connection with condemnation, seizure or appropriation, Receiver shall reimburse the County for funds disbursed pursuant to Predevelopment Agreement.  Receiver shall be entitled to credit against the amount of payment otherwise due, the amount of any compensation received by County in connection with the condemnation, seizure or appropriation.

(b)    In the event State, Federal or CDBG Grant Funds are not awarded, or are awarded in an amount insufficient to cover necessary expenses for development and construction of the Project, either Receiver or County may terminate this Agreement by notice to the other party.

Termination under this Section 5.3 shall not affect Receiver's or County's right or obligations in connection with any default existing under this Agreement at the time of termination.

ARTICLE 6    MISCELLANEOUS PROVISIONS

Section 6.1    Relationship of Parties

Nothing contained in this Agreement shall be interpreted or understood by any of the Parties, or by any third persons, as creating the relationship of employer and employee, principal and agent, limited or general partnership, or joint venture between County and Receiver or its respective agents, employees or contractors, and, as to County, Receiver shall, and at all times, be deemed an independent contractor and shall be wholly responsible for the manner in which it or its agents, or both, perform the services required of it by the terms of this Agreement.

Section 6.2    No Claims

Nothing contained in this Agreement shall create or justify any claim against County by any person that Receiver may have employed or with whom Receiver may have contracted relative to the purchase of materials, supplies or equipment, or the

furnishing or the performance of any work or services with respect to the pursuit of State or Federal Grant Funds or other funding, or the negotiation or implementation of this Agreement.

  Section 6.3  <u>Amendments</u>

No alteration or variation of the terms of this Agreement shall be valid unless made in writing by the Parties.

  Section 6.4  <u>Indemnification</u>

Receiver shall indemnify, defend and hold harmless County, and its officers, agents and employees, from and against: (a) any and all claims, liabilities and losses whatsoever (together with any expenses related thereto, including but not limited to, damages, court costs and attorneys fees) occurring to or resulting from any and all persons, firms or corporations furnishing or supplying work, services, materials, or supplies in connection with the performance of this Agreement, and (b) any and all claims, liabilities and losses occurring or resulting to any person, firm, or corporation for damage, injury, or death arising out of or connected with Receiver's performance of this Agreement, including but not limited to any such claims, liabilities or losses which occur on or adjacent to the System or are related to the pursuit of State and Federal Grant Funds or the negotiation and implementation of this Agreement and (c) such claims, liabilities, or losses which arise out of the purchase, construction and operation of any aspect of the System.  "Receiver's performance" includes Receiver's action or inaction and the action or inaction of Receiver's officers, employees, agents, contractors, and subcontractors.  This indemnification and hold harmless obligation shall not extend to any claim arising solely out of the gross negligence or willful misconduct of the County or its agent and employees.  The provisions of this Section 6.4 shall survive the expiration or termination of this Agreement.

  Section 6.5  <u>Non-Liability of County Officials, Employees and Agents</u>
No member, official, employee or agent of the County shall be personally liable to Receiver in the event of any default or breach by County or for any amount that may become due to Receiver or its successors or on any obligation under the terms of this Agreement.

  Section 6.6  <u>No Third Party Beneficiaries</u>

There shall be no third party beneficiaries to this Agreement.

  Section 6.7  <u>Discretion Retained by County</u>

Except as may be expressly stated in this Agreement, County's execution of this Agreement in no way limits the discretion of County in the review of grant application materials, environmental reviews, permits applications, or any other action connected to

**EXHIBIT A**
11

the implementation of this Agreement and the development of a safe and suitable water system for the San Jerardo Community.

Section 6.8    Conflict of Interest

(a)    Except for approved eligible administrative or personnel costs, no person described in Section 6.8(b) below who exercises or has exercised any functions or responsibilities with respect to the activities funded pursuant to the terms of the Predevelopment Agreement and this Agreement or who is in a position to participate in a decision-making process or gain inside information with regard to such activities, may obtain a personal or financial interest or benefit from the activity, or have an interest in any contract, subcontract or agreement with respect thereto, or the proceeds thereunder, either for themselves or those with whom they have family or business ties, during or at any time after, such person's tenure.  County and Receiver shall each exercise due diligence to ensure that the prohibition in this Section 6.8(a) is followed.

(b)    The conflict of interest provisions of Section 6.8(a) above apply to any person who is an employee, agent, consultant, officer of the County, or any immediate family member of such person, or any elected or appointed official of County, or any person related within the third (3rd) degree of such person.

Section 6.9    Notices, Demands and Communications

Formal notices, demands, and communications between the parties shall be sufficiently given if and shall not be deemed given unless dispatched by registered or certified mail, postage prepaid, return receipt requested, or delivered by express delivery service, return receipt requested, or delivered personally, to the principal office of the parties as follows:

County:     Attn:  Yazdan T. Emrani, M.S., P. E., Director
            County of Monterey
            Resource Management Agency
            Department of Public Works
            168 W. Alisal Street, Second Floor
            Salinas, California 93901-2439

Receiver:   San Jerardo Water System
            c/o John W. Richardson
            5161 Soquel Drive, Suite F
            Soquel, California 95073

Such written notices, demands and communications may be sent in the same manner to such other addresses as the affected Party may from time to time designate by mail as provided in this Section 6.9.  Receipt shall be deemed to have occurred on the date shown on a written receipt as the date of delivery or refusal of delivery (or attempted delivery, if undeliverable).

**EXHIBIT A**

Section 6.10    Applicable Law

This Agreement shall be governed by the State of California.

Section 6.11    Parties Bound

Except as otherwise limited herein, the provisions of this Agreement shall be binding upon and inure to the benefit of the parties and their heirs, executors, administrators, legal representatives, successors, and assigns.

Section 6.12    Severability

If any term of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall continue in full force and effect unless the rights and obligations of the parties have been materially altered and abridged by such invalidation, voiding or unenforceability.

Section 6.13    Force Majeure

In addition to specific provisions of this Agreement, performance by either party shall not be deemed to be in default where delays or defaults are due to war; insurrection; strikes; lockouts; riots; floods; earthquakes; fires; quarantine restrictions; freight embargoes; lack of transportation; or court order; or any other similar causes beyond the control or without the fault of the party claiming an extension of time to perform.  An extension of time for any cause will be deemed granted if notice by the party claiming such extension is sent to the other within ten (10) days from the commencement of the cause and such extension of time is not rejected in writing by the other Party within ten (10) days of receipt of the notice.  In no event shall the County be required to agree to cumulative delays in excess of thirty (30) days.

Section 6.14    County Approval

Whenever this Agreement calls for County approval, consent, or waiver, the written approval, consent, or waiver of the Director of the Department of Public Works shall constitute the approval, consent, or waiver of the County, without further authorization required from the County Board of Supervisors, provided that it is determined that the overall feasibility of the objectives of this Agreement is not in jeopardy, no additional funds are required from the County, and no material term of this Agreement is altered.  The County hereby authorizes the Director of the Department of Public Works to deliver such approvals or consents as are required by this Agreement, or to waive requirements under this Agreement on behalf of the County upon the terms specified above.  Any consents, approvals or refinements required under this Agreement shall not be unreasonably withheld or made, except where it is specifically provided that a sole discretion standard applies.  The County agrees to give reasonable consideration to requests by Receiver for extensions of any time deadlines imposed under this Agreement,

or refinements, provided that it is determined that the overall feasibility of the objectives of this Agreement is not in jeopardy. The County shall not unreasonably delay in reviewing and approving or disapproving any proposal by Receiver made in connection with this Agreement. Notwithstanding this delegation, approval of the County Board of Supervisors is required to materially amend this Agreement, and this Section 6.14 shall not preclude the Director of the Department of Public Works, in his or her sole discretion, from seeking approval from the County Board of Supervisors for any matter under this Agreement.

Section 6.15    Waivers

Any waiver by County of any obligation or condition in this Agreement must be in writing. No waiver will be implied from any delay or failure by County to take action on any breach or default of Receiver, or to pursue any remedy allowed under this Agreement or applicable law. Any extension of time granted to Receiver to perform any obligation under this Agreement shall not operate as a waiver or release from any of its obligations under this Agreement. Consent by County to any act or omission by Receiver shall not be construed to be consent to any other or subsequent act or omission or to waive the requirement for County's written consent to future waivers.

Section 6.16    Title of Parts and Sections

Any titles of the sections or subsections of this Agreement are inserted for convenience of reference only and shall be disregarded in interpreting any part of this Agreement's provisions.

Section 6.17    Entire Understanding of the Parties

This Agreement, together with Exhibits A, B, C, D, E and C, F constitutes the entire understanding and agreement of the parties with respect to all actions necessary to implement this Agreement.

Section 6.18    Multiple Originals; Counterparts

This Agreement may be executed in multiple originals, each of which is deemed to be an original, and may be signed in counterparts.

Section 6.19    Negotiated Agreement

This Agreement has been arrived at through negotiation and neither party is to be deemed the party which prepared this Agreement within the meaning of California Civil Code Section 1654.

##

Section 6.20    Incorporation of Recitals

**EXHIBIT A**
14

The parties understand and agree that the recitals to this Agreement, as set forth above in Paragraphs A through I, are hereby incorporated into this Agreement.

Section 6.21.   Conflict with Predevelopment Agreement and its Exhibits

The parties understand and agree that if any conflict exists between the terms of the Predevelopment Agreement and this Purchase and Sale Agreement, the terms of this Purchase and Sale Agreement shall prevail.  Further, the Parties understand and agree that the Scope of Work and/or Project Description and/or Project Budget contemplated as part of the Predevelopment Agreement, and attached and/or incorporated as Exhibits to the Predevelopment Agreement, were preliminary in nature and that the final Project Description and Project Budget approved by Grant Funding Agencies, as may be amended by said Grant Funding Agencies, shall supersede any Project Description/Scope of Work and Project Budget which were contemplated by the Predevelopment Agreement.

WHEREAS, this Agreement has been entered into by the undersigned as of the date first above written.

COUNTY OF MONTEREY, a political subdivision

Dated: _____, 2010        By:_____
                                        Yazdan T. Emrani, M.S., P. E., Director
                                        Department of Public Works

Approved as to form and legality:
Office of the County Counsel
Charles J. McKee, County Counsel

By: _____
      Mary Grace Perry, Deputy

Dated:_____

SAN JERARDO WATER SYTEM,

By:_____
     John W. Richardson, Receiver

Dated:_____

Approved as to form and legality:
LUCE, FOWARD ET AL.
Attorneys for Receiver

By: _____
Type/Print Name:_____
Dated: _____

**EXHIBIT A**
15

**EXHIBIT A**

~~301187731.1~~
301187731.2

Document comparison done by Workshare DeltaView on August 25, 2010 5:39:20 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://SSDENTERPRISE/SF/301187731/1 |
| Document 2 | interwovenSite://SSDENTERPRISE/SF/301187731/2 |
| Rendering set | standardlf |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |

| Inserted cell | |
|---|---|
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 12 |
| Deletions | 8 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 22 |

**EXHIBIT A**