JOHN W. RICHARDSON
Richardson & Associates
5161 Soquel Drive Suite F
Soquel, CA 95073
Tel. (831) 475-2404
Fax. (831) 475-1213

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALISAL WATER CORPORATION, et al.,<br><br>Defendants. | Case No. C97-20099 JF(EAI)<br><br>STIPULATION TO APPROVAL OF RECEIVER'S FINAL REPORT AND REQUEST FOR COMPENSATION; DISCHARGE OF RECEIVER; AND [PROPOSED] ORDER PURSUANT TO STIPULATION (RULE 7-12)<br><br>(May 1, 2011 – March 31, 2013) |

This stipulation is entered into by and among John W. Richardson, Receiver, appointed in the above-referenced case, the County of Monterey and the Boronda County Sanitation District (hereafter, collectively referred to as "County BCSD"), and ALISAL WATER CORPORATION (ALCO) and any remaining Defendants (hereafter, collectively referred to as "the parties"), through their respective counsel of record and based upon the following recitals:

   A.   On or about June __, 2013, the Receiver filed his Receiver's Final Report and Request for Compensation; Discharge of Receiver ("Final Report").

   B.   In the Final Report, the Receiver explains that the Receiver, County of Monterey, and ALCO on behalf of any remaining Defendants have agreed that the Final Report may be approved, together with compensation as requested and the Receiver discharged. The parties to this Stipulation understand and agree that there will be insufficient funds remaining in the

receivership estate to pay the remaining administrative expenses of the receivership, including the Receiver's fees, Receiver's Engineer's fees and Receiver's Attorneys' fees.

C.  ALCO has agreed to pay the Receiver the sum of $10,000. The Receiver has agreed to pay the County of Monterey, as designated by it, the sum of $36,450. Thereafter, any remaining funds (including any portion remaining from the proceeds of SRF Claim No. 4 approved by the State of California Department of Public Health [CDPH] in the amount of $116,866.09) to be paid to the Receiver and any other funds of the receivership estate will be used to pay the Receiver and his professionals on a pro rata basis. The parties to this stipulation understand and agree that Receiver, Receiver's Engineer and Receiver's Attorneys will reduce their fees on a pro rata basis.

D.  The parties specifically release, waive, and forever discharge each other, its successors in interest, its past, present and future assigns, officers, directors, agents, subsidiaries, affiliates, insurers and underwriters, from any and all claims, demands, actions, liabilities and causes of action arising out of or relating to the federal receivership of the San Jerardo Water System, whether asserted or unasserted, known or unknown, suspected or unsuspected, in law or in equity, for or by reason of any matter, cause or thing whatsoever.

E.  Further, ALCO will prepare and either ALCO or the Receiver as appropriate will execute a recordable quit claim deed in favor of the Boronda County Sanitation District for any and all easements, real property interests and/or appurtenances which ALCO may still hold, or have an ownership interest in, in connection with the San Jerardo Water System. The Receiver shall provide an appropriate bill of sale to the Boronda County Sanitation District. Upon receipt of said quit claim and bill of sale, County BCSD shall transmit the proceeds of SRF Claim No. 4 ($116,866.09) to Receiver via overnight service. F. In approximate numbers, as of March 31, 2013, the Receiver estimates his unpaid fees, together with those of his engineer and attorneys, totaled roughly $135,000. After payment of amounts to the County of Monterey, the Receiver estimates there will be approximately $98,550 available to pay fees and expenses on a pro rata basis. There will be insufficient funds to pay the costs of administration as requested in the Final Report. Fees and costs incurred since March 31, 2013, will be included as part of the pro rata

distribution of the remaining funds. Receiver, Receiver's Engineer and Receiver's Attorneys will reduce their fees on a pro rata basis.

G. Both the Receiver and the County of Monterey have agreed to accept the payments as noted above in full and complete satisfaction of any amounts that they could assert in this receivership estate, either on behalf of themselves or on behalf of the professionals employed by the Receiver.

H. The parties to this Stipulation understand and agree that with the exception of this Stipulation and Order which shall remain enforceable and in full force and effect until such time as all parties to this Stipulation have fully performed in accordance with terms as agreed to in this Stipulation, the Court's April 9, 2002 Order (Docket #302) establishing the receivership and all subsequent Orders related to the receivership are terminated and all requirements, duties, obligations and constraints therein are terminated and are of no further force or effect.

**Now, therefore, the parties agree to the terms of this Stipulation as follows:**

1. The Receiver's Final Report and Request for Compensation, together with his request to be discharged as Receiver, may be approved by the Court on an ex parte basis.

2. The financial agreements as agreed to between the parties are approved as follows: ALCO shall pay the Receiver the sum of $10,000 which shall be transmitted to Receiver on or before June 30, 2013. The Receiver shall pay the County of Monterey the sum of $36,450 which shall be transmitted to the County of Monterey on or before June 30, 2013.

3. After payment to the County of Monterey in the sum of $36,450 which shall be made and transmitted to the County of Monterey by Receiver on or before June 30, 2013, any remaining funds shall be shared pro rata between the Receiver and his professionals based on unpaid fees and expenses, including those incurred after March 31, 2013. Receiver, Receiver's Engineer and Receiver's Attorneys will reduce their fees on a pro rata basis.

4. The parties specifically release, waive, and forever discharge each other, its successors in interest, its past, present and future assigns, officers, directors, agents, subsidiaries, affiliates, insurers and underwriters, from any and all claims, demands, actions, liabilities and causes of action arising out of or relating to the federal receivership of the San Jerardo Water

System, whether asserted or unasserted, known or unknown, suspected or unsuspected, in law or in equity, for or by reason of any matter, cause or thing whatsoever.

5. Further, ALCO will prepare and the Receiver or ALCO as appropriate will execute a recordable quit claim deed in favor of the Boronda County Sanitation District for any and all easements, real property interests and/or appurtenances which ALCO may still hold, and/or have an ownership interest in, in connection with the San Jerardo Water System which shall be delivered to the County BCSD on or before June 27, 2013 and the Receiver shall provide an appropriate bill of sale to the Boronda County Sanitation District which shall be delivered to County BCSD on or before June 27, 2013.

6. Upon receipt of said recordable quit claim deed and bill of sale from Receiver, in favor of the Boronda County Sanitation District, County of Monterey shall transmit the proceeds of SRF Claim No. 4 ($116,866.09) to Receiver via overnight delivery service.

7. The Receiver's Final Report may be submitted to the Court on an ex parte basis.

8. This Stipulation and Order shall remain enforceable and in full force and effect until such time as all parties to this Stipulation have fully performed in accordance with terms of this Stipulation. Once the terms of this Stipulation as set forth above have been fully performed by the parties to this Stipulation, the Court's April 9, 2002 Order (Docket #302) establishing the receivership and all subsequent Orders related to the receivership are terminated and all requirements, duties, obligations and constraints therein are terminated and are of no further force or effect.

DATED: June 27, 2013

MCKENNA LONG & ALDRIDGE LLP

By: _____
Michael A. Isaacs
Counsel for John W. Richardson, Receiver

1  DATED: June 27, 2013        COUNTY OF MONTEREY, OFFICE OF THE COUNTY
2                               COUNSEL, CHARLES J. McKEE, COUNTY COUNSEL
                                ATTORNEYS FOR THE COUNTY OF MONTEREY
3                               AND BORONDA COUNTY SANITATION DISTRICT
4
5                               By: _____/s/ Mary Grace Perry_____
                                    Mary Grace Perry
6                                   Deputy County Counsel
7
8  DATED: June 27, 2013        VARGA LAW OFFICE
9
10                              By: _____/s/ S. Gary Varga_____
                                    S. Gary Varga
11                                  Counsel for ALCO/Defendants
12
13 PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.
14 DATED: _____       _____
15                              UNITED STATES DISTRICT COURT JUDGE

US_WEST 803814395.1                                              5