United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>      v.<br>ALISAL WATER CORP, et al.,<br>      Defendants. | Case No. 5:97-cv-20099-EJD<br><br>**ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES**<br><br>Re: Dkt. No. 1000 |

## I. INTRODUCTION

Interested party Pajaro/Sunny Mesa Community Services District ("PSMCSD") is presently before the court seeking an order correcting a "clerical mistake" pursuant to Federal Rule of Civil Procedure 60(a).[1] PSMCSD asks the court to revise a March 4, 2008 order by Judge Fogel approving the Bill of Sale effecting the transfer of certain water systems to PSMCSD. More specifically, PSMCSD asks the court to revise the order so that it identifies two parcels included in the Bill of Sale with sufficient detail to be acceptable to the Monterey County Office of the Assessor ("Assessor's Office") for secured tax roll purposes. Dkt. No. 1000 (PSMCSD's Motion For Order Correcting Clerical Mistakes Or Mistakes Arising From Oversight Or Omission In Order Approving Original Bill of Sale [Fed. R. Civ. P. 609a)] (hereinafter "Motion")). Defendant Alisal Water Corporation ("Alco") and AWC Holdings Trusts oppose the motion.[2] The County of Monterey filed a statement of non-opposition. For the reasons discussed below, PSMCSD's

---

[1] PSMCSD's accompanying request for judicial notice filed in support of its motion, which is unopposed, is granted.
[2] Alco's request for judicial notice, which is unopposed, is also granted.

Case No.: 5:97-cv-20099-EJD
ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES
1

motion will be granted.

**II.    BACKGROUND**

At the request of the Environmental Protection Agency, the United States Attorney General initiated this suit over a decade ago in 1997 against Alco, its president and sole shareholder, Robert T. Adcock ("Adcock"), and others (collectively "Defendants") for violating the Safe Drinking Water Act and regulations promulgated thereunder. Judge Fogel found that Defendants failed to meet the Maximum Contaminant Level ("MCL") for microbiological contaminants; failed to report or give public notice of the MCL failures; failed to do required repeat and increased routine monitoring; failed to report the lack of monitoring; failed to retain documents as required; and failed to test for lead and copper in their water in a timely manner. Dkt. Nos. 143 (Order Granting Plaintiff's Motions For Partial Summary Judgment), 248 (Order Granting In Part And Denying In Part Plaintiff's Motion For Partial Summary Judgment; And Denying Defendants' Motion For Partial Summary Judgment). Many of the violations found by the court involved intentional false reporting or non-reporting. Dkt. No. 301 (Findings Of Fact And Conclusions Of Law). The court conducted a bench trial for the purpose of determining an appropriate remedy for the violations, and ordered, among other things, that a receivership be created to take control of the eight water systems operated by Defendants and that the Receiver assess the feasibility of selling seven of the eight water systems. Included among the water systems placed into receivership were those owned by Moss Landing Water System, Inc. ("Moss Landing") and North Monterey County Water Systems, Inc. ("NORMCO"). Dkt. No. 301 (Findings Of Fact And Conclusions Of Law). After Moss Landing and NORMCO were placed in receivership, PSMCSD began management of the water systems and has continued to do so ever since. Dkt. No. 1000-1 (Decl. of Don Rosa in Support of Motion).

On April 13, 2004, the court directed the court-appointed Receiver to sell the Moss Landing and NORMCO water systems (and others) to PSMCSD. Dkt. No. 481-1 (Order Regarding Sale Of Receivership Assets). In January of 2008, PSMCSD submitted to the court an application for approval of a Bill of Sale for five water systems, including Moss Landing and

Case No.: 5:97-cv-20099-EJD
ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES

2

NORMCO. Dkt. No. 802-2 (Bill Of Sale). Voluminous Condition of Title reports from the Chicago Title Insurance Company were attached to and incorporated by reference into the Bill of Sale. Dkt. No. 802-2 at 1. Among the Condition of Title reports was one for NORMCO parcel APN 125-151-006—one of the two parcels at issue. Dkt. No 802-12 at 25-31. The Condition of Title report for the other parcel at issue, Moss Landing parcel APN 131-061-008, was inadvertently omitted. The NORMCO and Moss Landing parcels are connected via pipes to the NORMCO and Moss Landing water systems, respectively. Dkt. 100-1 at 3 (Decl. of Don Rosa in Support of Motion). The only purpose and only use of the two parcels are to serve customers of the two water systems. *Id.*

On March 4, 2008, Judge Fogel issued an Order Resolving Pending Issues Re Receivership ("March 4, 2008 Order") which included the following provisions relevant to the instant motion:

> 1) Pajaro/Sunny Mesa Community Services District ("PSMCSD") seeks final Court approval of the Bill of Sale for five small water systems in North Monterey County, termination of the existing Management Agreements, and release of all claims. Pursuant to this Court's Order dated April 13, 2004, PSMCSD was designated as the purchaser of the assets of the Moss Landing Water System, Inc., North Monterey County Water System, Inc. ("NORMCO"), Blackie Road Mutual Water System #18, Vierra Canyon Water System, and Langley/Valle Pacifico Water. System. On or about January 12, 2005, PSMCSD entered into "Operational and Management Agreements" with the Receiver for the five systems. In June, 2007, at the Court's direction, PSMCSD engaged the Chicago Title Company to complete title research and production of title documents, easement descriptions, and maps and the Bill of Sale to complete the transfer of the five systems. The Court hereby authorizes and confirms the sale of the five systems to PSMCSD and directs the Receiver to execute and deliver the Bill of Sale that has been presented to the Court.
>
> \* \* \*
>
> 11) The Receivership shall remain in effect with respect to the San Jerardo water system only. . . .

Dkt. No. 824. PSMCSD submitted the Bill of Sale to the Monterey County Recorder's Office ("Recorder's Office") on April 11, 2008. Dkt. No. 825. The Recorder's Office, however, did not

Case No.: 5:97-cv-20099-EJD
ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES
3

1    record the transfer of Moss Landing parcel APN 131-061-008 from Alco to PSMCSD presumably
2    because the Condition of Title report for that particular parcel had been inadvertently omitted from
3    the Bill of Sale. Dkt. No. 100 at 4 (PSMCSD's Motion). The Recorder's Office also did not
4    record the transfer of NORMCO parcel APN 125-151-006 even though the Condition of Title
5    report for this parcel was attached to the Bill of Sale. *Id*. (citing Dkt. No. 802-12). The transfer of
6    the NORMCO parcel was not recorded because the Bill of Sale did not include a "metes-and-
7    bounds" description for that parcel. Dkt. No. 1005 at 4 (Opp'n of Alisal Water Corporation And
8    The AWC Holdings Trusts To Motion); *see also* Dkt. No. 1008 at 6 (PSMCSD's Reply).

Even though Judge Fogel, the Receiver, Alco, and PSMCSD all understood that the Moss Landing and NORMCO water systems were to be sold and transferred to PSMCSD and the Bill of Sale had been recorded, the Assessor's Office continued sending tax notices and demands for payment to Alco for the two parcels at issue. Dkt. No. 1006 at 3. The tax bills were dated November 19, 2008, October 15, 2009, June 22, 2010, November 23, 2010, August 10, 2011, February 15, 2011 and February 16, 2011. *Id*. Alco forwarded these tax notices to PSMCSD and asked PSMCSD to pay the bills and to take the necessary action to change ownership of the two parcels to PSMCSD. *Id*. at 6-64. Alco copied the Monterey County Treasurer-Tax Collector on all but one of the letters to PSMCSD. *Id*.

On February 23, 2009, the Assessor's Office sent PSMCSD a letter explaining that the two parcels at issue "do not appear to be described" in the recorded Bill of Sale, and therefore the Assessor's Office "cannot change the ownership until a document describing the subject properties is recorded." *Id*. at 65. On October 23, 2008, the Assessor's Office wrote to PSMCSD again reiterating that the Bill of Sale did not describe the properties at issue, and therefore the Office of the Assessor's records would continue to reflect that one of Alco's trusts, AWC II Holdings LLC, was the owner of record. *Id*. at 66. The Assessor's Office also sent Alco a letter stating that the parcels at issue were "referenced" in the April 11, 2008 Bill of Sale but not "described." *Id*. at 68. Therefore, the Assessor's Office did not change ownership of the parcels in its records. *Id*. The Assessor's Office asked Adcock to contact PSMCSD or a title company to prepare and record the

Case No.: 5:97-cv-20099-EJD
ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES
4

necessary conveyance documents to enable the Assessor's Office "to finally remove [Alco] from title and reflect [PSMCSD] as the new owner of record as intended with the recording of the Bill of Sale." *Id*.

Apparently, no action was taken to address the Assessor's Office issue for approximately four years. During that time, Alco continued to receive, but did not pay, the tax bills for the two parcels at issue. Eventually the Receiver's attorney had the Receiver execute an Addendum to Bill of Sale on August 15, 2012, which included as attachments the inadvertently omitted legal description of the Moss Landing parcel and the same legal description of the NORMCO parcel that had been attached to the Bill of Sale. Dkt. No. 1000 at 5 (PSMCSD's Motion). The Receiver's attorneys filed a Notice of Receiver's Execution of Addendum to Bill of Sale on August 23, 2012, and served the Notice on Alco's counsel, the Deputy County Counsel, and others. Dkt. No. 980. The Recorder's Office recorded the Addendum to Bill of Sale on September 19, 2012. Dkt. No. 1001-1 at 25. On August 12, 2013, Judge Fogel issued an Order Discharging Receiver And Terminating Proceedings. Dkt. No. 995.

A couple of years later, in approximately June 2015, the Monterey County Treasurer-Tax Collector caused its agent, Bid-4-Assets, to conduct an internet auction to sell the two parcels at issue in order to satisfy the delinquent taxes assessed against Alco. Dkt. No. 1005 at 6-7 (Alco's Opp'n). A third-party bidder purportedly purchased both parcels. *Id*. at 7. The purported sale of the parcels resulted in excess tax sales proceeds of approximately $32,000 and has led to two state court actions. First, two of Alco's trusts have filed an action against the County of Monterey seeking recovery of the excess tax sales proceeds. Dkt. No. 1007 at 4-16 (*AWC Holding Trust v. County of Monterey et al.*, No. 18cv1746). Second, the alleged purchaser of the two parcels at issue has filed a quiet title action against PSMCSD. Dkt. No. 1007 at 17-22 (*Pacheco v. PSMCSD*, No. 18cv1728).

Now that the two parcels at issue are the subject of the state court actions, PSMCSD finally seeks an order correcting the "clerical mistakes" in the March 4, 2008 Order approving the original Bill of Sale. Specifically, PSMCSD requests that the March 4, 2008 Order be amended so

Case No.: 5:97-cv-20099-EJD
ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES
5

that the sentence, "The Court hereby authorizes and confirms the sale of the five systems to PSMCSD and directs the Receiver to execute and deliver the Bill of Sale that has been presented to the Court," is modified to read, "The Court hereby authorizes and confirms the sale of the five systems to PSMCSD and directs the Receiver to execute and deliver the Bill of Sale that has been presented to the Court as modified by the Addendum to Bill of Sale, including attachments A and B thereto, executed by the Receiver on August 15, 2012, and recorded in the Office of the Monterey County Recorder on September 19, 2002." Dkt. No. 1000 at 9 (PSMCSD's Motion).

## III. STANDARDS

Federal Rule of Civil Procedure 60(a) provides, in relevant part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). A district court's jurisdiction to enter an order *nunc pro tunc* under Rule 60(a) "is limited to making the record reflect what the court actually intended to do at an earlier date, but which it did not sufficiently express or accomplish due to some error or inadvertence." *Nisenan Tribe of the Nev. City Rancheria v. Jewell*, 650 Fed. Appx. 497, 499 (9th Cir. 2016) (quoting *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000)). What the district court intended to do may be determined by looking to the circumstances surrounding the original order and also to the court's subsequent statements of its original intent, providing that the record gives no reason to doubt such statements. *Guenther v. United States*, 44 Fed. Appx. 149, 150 (9th Cir. 2002). There is no time limit for bringing a motion under Rule 60(a). *Jones & Guerrero Co. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981).

## IV. DISCUSSION

As an initial matter, the court need not consider Alco's opposition to PSMCSD's motion because it is untimely, having been filed one day after the deadline set forth in the court's Order Setting Briefing Schedule For Interested Party's Motion For Order Correcting Clerical Mistakes (Dkt. No. 1003). Nevertheless, the court will address the merits of PSMCSD's motion because of the significant issues it raises and to assist in the efficient and just resolution of the pending state

Case No.: 5:97-cv-20099-EJD
ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES

6

court actions.

A. Standing

Alco argues that PSMCSD lacks standing to bring the instant motion because PSMCSD is not a named party to the action. The argument is without merit. First, Rule 60(a) makes no reference to the movant's status, whether it be party or non-party, and instead recites that the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment or order. In this regard, Rule 60(a) is distinguishable from Rule 60(b), which, by its terms affords relief only to "parties." Fed. R. Civ. P. 60(b) (providing that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding. . . .). Second, PSMCSD has constitutional standing because it is named in the March 4, 2008 Order and the Bill of Sale and asserts that it will be adversely affected by the "clerical error" in the March 4, 2008 Order if it is not corrected. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (stating that the irreducible constitutional minimum for standing requires party to have suffered an injury-in-fact which is (a) "concrete and particularized," (b) "actual or imminent, not conjectural or hypothetical," and (c) likely to be redressed by a favorable decision).

B. Applicability of Rule 60(a) re Clerical Mistake

Alco contends that the errors PSMCSD seeks to correct are not clerical mistakes, but errors subject to the one year or "reasonable time" limitations period set forth in Rule 60(b). Again, Alco's argument is unpersuasive. The record shows that Judge Fogel intended to order the transfer of all assets of the five water systems to PSMCSD, which included the two parcels at issue, and PSMCSD's proposed correction will "mak[e] the record reflect what the court actually intended to do at an earlier date, but which it did not sufficiently express or accomplish due to some error or inadvertence." *Nisenan Tribe v. Jewell*, 650 Fed. Appx. at 499. Alco understood Judge Fogel's intent and indeed told PSMCSD in several letters that PSMCSD was responsible for the tax bills for the two parcels at issue because the parcels "belong" to PSMCSD. Dkt. No. 1006 at 6, 14, 19, 28, 33, 48, 58.

The errors PSMCSD seeks to correct are clerical in nature. The Bill of Sale included the

Case No.: 5:97-cv-20099-EJD
ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES
7

1  Condition of Title report for NORMCO parcel APN 125-151-006, but should have also included
2  (according to the Assessor's Office) a metes and bounds description of the parcel. The Condition
3  of Title report for the Moss Landing parcel APN 131-061-008 was inadvertently omitted. Clerical
4  mistakes of omission and inadequate property description are the types of error that a court is
5  authorized to correct under FRCP 60(a). *Harwick v. United States*, No. 79-1710 JF, 2014 WL
6  1006576, at *4-5 (N.D. Cal. Mar. 7, 2014), *aff'd sub nom*, *Nisenan Tribe of the Nev. City*
7  *Rancheria v. Jewell*, 650 F. Appx. 497 (9th Cir. 2016) (applying Rule 60(a) to correct a
8  Stipulation For Entry Of Judgment that inadvertently failed to mention a rancheria); *see also*
9  *Cunningham v. Frymire*, 180 Cal. App. 2d 891, 893-94 (1960) (affirming trial court's order
10 granting motion to amend order to insert inadvertently omitted description of a home).

11       Alco contends no error was made by the Title Company, Judge Fogel, or the Receiver
12 because the Bill of Sale accurately described the parcels at issue by APNs. Nevertheless, it is
13 clear with the benefit of hindsight that the Bill of Sale and the Condition of Title reports were
14 insufficient to carry out Judge Fogel's intent. The March 4, 2008 Order expressed Judge Fogel's
15 intent to authorize and confirm the sale of the Moss Landing and NORCO water systems to
16 PSMCSD. The Judge's intent was not carried out; the two parcels at issue were purportedly sold
17 without PSMCSD's authorization.

18       Alco next argues that PSMCSD should not be able to seek relief under Rule 60(a) because
19 the only error here is PSMCSD's "persistent and intransigent failure to take the steps to file a Bill
20 of Sale or Deed with actual [l]egal description while it had the opportunity and knowledge to
21 easily do so." Dkt. No. 1005 at 10 (Alco's Opp'n). Alco's argument is unpersuasive. The issue
22 is whether the March 4, 2008 order contains a clerical error that requires correcting under Rule
23 60(a). In each of the cases relied upon by Alco, the court denied Rule 60(a) relief because there
24 was no clerical error.[3] For example, in *Lee v. Joseph E. Seagram & Sons*, 592 F.2d 39 (2nd Cir.
25 1979), plaintiffs filed a Rule 60(a) motion seeking to add prejudgment interest to a judgment

---

[3] *James Blackstone Memorial Ass'n v. Gulf, M.&O. R. Co.*, 28 F.R.D. 385 (D. Conn. 1961); *Ferraro v. Arthur M. Rosenberg Co. of New Haven*, 156 F.2d 212, 214 (2nd Cir. 1946).

Case No.: 5:97-cv-20099-EJD
ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES
8

entered in their favor.  The court denied the motion, reasoning that (a) the judgment accurately reflected the jury's verdict, (b) the plaintiffs had not requested prejudgment interest in their complaint or during the course of trial, and (c) that it was plaintiffs' failure to bring their statutory entitlement to prejudgment interest to the attention of the court in a timely manner that "created their problem, not any clerical oversight or error."  *Id*. at 42.  Unlike *Lee*, the March 4, 2008 Order contains a clerical error not of PSMCSD's making.  At most, PSMCSD's actions or inactions may have exacerbated the effects of the clerical errors, and *Lee* does not foreclose PSMCSD from seeking relief to correct the clerical errors.

Citing *Matter of West Texas Mktg. Corp.*, 12 F.3d 497, 504-505 (5th Cir. 1994), Alco further contends that the errors PSMCSD now seeks to correct are not merely clerical errors, but rather errors requiring "substantive judicial intrusion to amend or correct" that are beyond the scope of Rule 60(a).  Dkt. No. 1005 at 11 (Alco's Opp'n).  The *West Texas Mktg*. case supports PSMCSD's position, not Alco's.  In *West Texas Mktg.,* the Fifth Circuit Court of Appeals instructed as follows regarding applicability of Rule 60(a):

> whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed.  If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage the government's blunders. Let it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).

*Id*.  As previously discussed, the intent of the Receiver, PSMCSD and Judge Fogel in the instant action was clearly defined in the March 4, 2008 Order:  to effectuate the sale of the Moss Landing, NORMCO and three other water systems to PSMCSD.  PSMCSD's proposed correction will ensure that this intent is carried out.  No "new additional legal perambulations" are required to determine the intent of the Receiver, PSMCSD and Judge Fogel.

Case No.: 5:97-cv-20099-EJD
ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES
9

Alco nevertheless points out that implementing the proposed correction is likely to lead to "new legal perambulations" in the underlying state court proceedings. Alco anticipates that the proposed correction will lead to issues regarding standing, intervention, the propriety of the tax sales, disposition of the delinquent tax sale revenues, and the disposition of the excess tax swales proceeds generated by the tax sales. These are issues that the state court is capable of resolving should they arise; they have no bearing on whether the March 4, 2008 Order has clerical errors requiring correction under Rule 60(a).

Because PSMCSD is seeking relief from a clerical error and such relief is properly sought under Rule 60(a) and not 60(b), PSMCSD's motion is not subject to the time limitations set forth in Rule 60(b).

### C. Receiver's Authority to Execute

Alco contends that Judge Fogel terminated the Receiver's authorities and duties over the parcels at issue when he issued the March 4, 2008 Order, and therefore the Receiver exceeded his court-appointed authorization when he executed the Addendum to Bill of Sale years later on August 15, 2012. The court disagrees. Judge Fogel did not discharge the Receiver in the March 4, 2008 Order. Instead, he narrowed the scope of the Receiver's duties because he reasonably believed that the Receiver's duties regarding the parcels at issue had been fulfilled. It was unforeseeable (and beyond comprehension), that the County of Monterey would refuse to record the transfer of title to all parcels comprising the Moss Landing and NORMCO water systems and would later authorize the sale of those parcels. Judge Fogel ordered the transfer, based upon evidence that Alco had repeatedly and intentionally violated the Clean Water Act Safe Drinking Water Act, to help ensure a clean drinking water supply for Monterey County's own residents. When the Count of Monterey refused to record the transfer of title to all parcels, it was well within Receiver's authority to complete what amounted to a purely administrative function in order to implement the court's March 4, 2008 Order.

### D. Alco's Request to Defer/Delay Ruling

Alco accuses PSMCSD of using the proceedings in this court to obtain "evidence" it can

Case No.: 5:97-cv-20099-EJD
ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES
10

use in the state court quiet title action. To prevent this from happening, Alco suggests that the court dismiss PSMCSD's motion or defer ruling on the present motion until the quiet tile action is resolved. The court declines to do so. This case was initiated in 1997 and litigated for over a decade. The court is not interested in any further delays.

## V. CONCLUSION

For the reasons set forth above, PSMCSD's motion is GRANTED. The March 4, 2008 Order is hereby amended *nunc pro tunc* so that the sentence, "The Court hereby authorizes and confirms the sale of the five systems to PSMCSD and directs the Receiver to execute and deliver the Bill of Sale that has been presented to the Court," is modified to read, "The Court hereby authorizes and confirms the sale of the five systems to PSMCSD and directs the Receiver to execute and deliver the Bill of Sale that has been presented to the Court as modified by the Addendum to Bill of Sale, including attachments A and B thereto, executed by the Receiver on August 15, 2012, and recorded in the Office of the Monterey County Recorder on September 19, 2002."

**IT IS SO ORDERED.**

Dated: June 25, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:97-cv-20099-EJD
ORDER GRANTING MOTION FOR ORDER CORRECTING CLERICAL MISTAKES
11